# STATE OF MICHIGAN

# COURT OF APPEALS

In re KIMMEL/CAIN/DEVENY, Minors.

UNPUBLISHED
June 23, 2016

No. 330173
Saint Clair Circuit Court
Family Division
LC No. 14-000278-NA

Before: M. J. KELLY, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to her five minor children under MCL 712A.19b(3)(c)(*i*), (g) and (j). Because the trial court did not clearly err when it found that the Department of Health and Human Services established by clear and convincing evidence a ground for termination and that termination was in the children's best interests, we affirm.

Respondent argues that the trial court clearly erred when it found that the Department established by clear and convincing evidence a ground for terminating her parental rights to the children. This Court reviews a trial court's findings for clear error. *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). A trial court's findings of fact are clearly erroneous if "we are definitely and firmly convinced that it made a mistake." *Id*. at 709-710.

The Department bears the burden of proving by clear and convincing evidence at least one statutory ground for termination. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). If the court finds a ground for termination and that termination is in the child's best interests, the court must order termination of the parent's parental rights. MCL 712A.19b(5).

Under MCL 712A.19b(3)(c)(*i*), a court may terminate a respondent's parental rights if it finds clear and convincing evidence that "[t]he parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order," and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." A reasonable time to correct the conditions is determined by considering both the period needed for the parent to rectify the conditions and the period the child can wait. *In re Dahms*, 187 Mich App 644, 647-648; 468 NW2d 315 (1991).

-1-

In this case, the Department alleged in the initial petition that the children should be removed from respondent's care because 1) of ongoing domestic violence between respondent and one of the children's father, 2) respondent had left the children in her sister's care and failed to reclaim them when directed to do so, 3) respondent was noncompliant with her services, 4) respondent failed to provide proper care, subjected the children to substantial risk of harm, or abandoned them without proper custody, and 5) because respondent's home environment was an unfit place for the children to live. However, at the termination hearing, the court stated that the circumstances that led to adjudication were "concern[s] about substance abuse" and "domestic violence," and found that respondent had done none of the things necessary to rectify those conditions.

While the trial court indicated that substance abuse was a condition that led to adjudication, the problems with substance abuse did not arise until the March 27, 2015 hearing, and court did not order drug screens as part of respondent's service plan until April 2015. Moreover, although the court indicated at the termination hearing that domestic violence continued to be an issue, the record shows that respondent had ended the abusive relationship. There had also been no other allegations of domestic violence. Thus, it seems that the trial court incorrectly relied on the allegations of substance abuse and past domestic violence as a basis for terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*).

However, there was sufficient independent basis to justify termination under MCL 712A.19b(3)(c)(*i*). Two of the conditions that led to adjudication were respondent's failure to provide proper care and custody to her children, and her unfit home environment. At the termination hearing, testimony from the Department's worker established that, despite some initial progress, respondent failed to obtain employment or a legal source of income, failed to obtain and maintain safe and suitable housing, failed to comply with the majority of in-home services, failed to comply with her parenting time schedule, and failed to keep in contact with her case worker. Thus, more than 182 days after the issuance of the initial dispositional order, respondent had failed to rectify the improper supervision issues and failed to establish a home that was a fit place for the children to live.

Moreover, there was no reasonable likelihood that these conditions would be rectified within a reasonable time considering the children's ages. No specific timetable was discussed for respondent to rectify the conditions that brought the children into care, but at the time of the termination hearing, the children had been in care for approximately one year, and during that time respondent had not attended services, had made no significant progress towards reunification, had been evicted from her home, and had not visited her children or contacted the case worker in several weeks. The trial court did not clearly err in finding that the Department had established by clear and convincing evidence grounds for terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*). See *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

Under MCL 712A.19b(3)(g), a trial court may terminate parental rights if it finds by clear and convincing evidence that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." A parent's failure to obtain and maintain suitable housing or employment can demonstrate that

-2-

respondent is unable to provide proper care or custody under MCL 712A.19b(3)(g). See, e.g., *In re Laster*, 303 Mich App 485, 493-494; 845 NW2d 540 (2013); *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009). "A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody." *In re White*, 303 Mich App at 710.

At the termination hearing the court stated that termination was proper under MCL 712A.19b(3)(g), as "the situation in respondent's home is inappropriate [and] [respondent] has not taken steps to remedy that situation." Additionally, the court noted respondent's failure to appear at parenting time and respondent's "failure to follow through" with her service plan. The evidence in the record established that, while respondent may have ended the domestic violence relationship that led to adjudication, she failed to obtain and maintain suitable housing or a legal source of income throughout the duration of the case. Thus, the record shows that respondent was unable to provide proper care and custody to her children.

There was also no reasonable likelihood that respondent would be able to provide proper care and custody to her children within a reasonable time, as she made no significant progress towards reunification, was noncompliant with services, had been evicted from her home, was unemployed throughout the duration of the case, and had not visited her children or contacted the Department's case worker in weeks. At best, respondent was "minimally compliant" with her service plan when she ended the abusive relationship and completed her substance abuse assessment, but such minimal compliance is insufficient. See *In re BZ*, 264 Mich App 286, 300-301; 690 NW2d 505 (2004). There was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(g).

Finally, under MCL 712A.19b(3)(j), a court may terminate a respondent's parental rights if "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." "[A] parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *In re White*, 303 Mich App at 711.

At the termination hearing the court found that termination was proper under MCL 712A.19b(3)(j), as respondent had been noncompliant with her service plan and "there would certainly be a reasonable likelihood that the children would be harmed if they were returned to [respondent]'s care because [the court did not] think that the underlying issues ha[d] been addressed, and [] the situation as it exists today is no different than the situation that led to the Court taking jurisdiction." The record established that, while respondent may have ended the domestic violence relationship, there was evidence that she was evicted from her home and may have been living in her van. Further, respondent was unemployed throughout the case and provided no evidence that she could pay her bills or support five children. Because respondent did not comply with her service plan and was unemployed and without adequate housing, there was a reasonable likelihood that the children would be harmed if they were returned to her care. There was clear and convincing evidence to support termination under MCL 712A.19b(3)(j).

Respondent also argues that the trial court erred in determining that termination was in the children's best interest. This Court reviews for clear error a trial court's finding that termination is in the child's best interests. *In re White*, 303 Mich App at 709. The Department bears the burden to prove by a preponderance of the evidence that termination is in the child's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

"The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App at 713. In making the best interest determination, the court should weigh all of the evidence and may consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. (quotation marks and citation omitted). Further considerations may include "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714.

The trial court did not clearly err when it found that termination of respondent's parental rights was in the children's best interests. The court stated that, while respondent had a bond with her children, because of the need for stability and because of the domestic violence, inadequate housing, and substance abuse, "it is in the children's best interest [] to terminate [respondent's] parental rights," and entered an order concluding that termination was in the children's best interests. Additionally, there were several other factors which supported a finding that termination was in the children's best interest. Respondent did not fully comply with her service plan, had not complied with visitation during the duration of the case, had not seen her children in several weeks, and had been evicted from her home. Moreover, at the time of termination, all of the children were doing well in care and their aunt was willing to adopt them. These facts demonstrated respondent's inability to effectively parent the children and the advantages of the foster home over respondent's home.

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

-4-